UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION PATRICK DAWSON,
      Plaintiff,

-v-

NANNETTE NORWOOD et al.,
      Defendant.

Case No. 1:06-cv-914

HONORABLE PAUL L. MALONEY
HONORABLE JOSEPH G. SCOVILLE

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

    This Court has before it a Report and Recommendation (Dkt. No. 49) and objections (Dkt. No. 53). Plaintiff Dawson filed a § 1983 action on December 29, 2006. The complaint was referred to the Honorable Joseph G. Scoville, United States Magistrate Judge. The Magistrate Judge issued this Report and Recommendation (R&R) on August 9, 2007 in which he recommended granting Defendant Erica Huss' motion for summary judgment (Dkt. No. 25) and recommended dismissing Plaintiff's cross-motion for summary judgment (Dkt. No. 42). Plaintiff Dawson filed objections to the R&R on August 23, 2007.

I. STANDARD OF REVIEW

    After being served with a report issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that

the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This Court conducted a de novo review. Having read the file, including the report, recommendations and relevant authority, the Report and Recommendation is adopted over Plaintiff's objections.

II. ANALYSIS

A. Defendant Huss' Motion for Summary Judgment[1]

Plaintiff's complaint, among other claims, alleges retaliation in violation of his rights under the First Amendment.[2] (See ¶¶ 52-67). Defendant Huss moves for summary judgment alleging Plaintiff never filed or attempted to file any grievance alleging she refused to release him from administrative segregation or treated him more harshly than other inmates because he had been filing grievances. In his response, Plaintiff alleges he attempted to file a grievance alleging retaliation while he was under modified access. A prisoner placed on modified access, under MDOC Policy Directive 03.02.130, must make a request for a grievance form. Plaintiff references two letters he

---

[1] The motion was initially filed on behalf of Defendants Norwood, Gilkey and Huss. Defendant Dykehouse later moved for the Court to adopt by reference the motion. After Plaintiff filed his response, Defendants Norwood, Gilkey and Dykehouse withdrew their motion for summary judgement. Only Defendant Huss stands by the motion.

[2] Some of the claims in Plaintiff's complaint have been dismissed in an opinion and order issued February 15, 2007.

wrote requesting grievance forms. (See Dkt. No. 42-2, Exhibit 3, letter dated 7-19-05, and Exhibit 6, letter dated 8-23-05). Plaintiff argues he exhausted his available administrative remedies when those requests for grievance forms were denied.

The Magistrate Judge recommends granting Defendant Huss' motion for summary judgment finding Plaintiff failed to exhaust his administrative remedies through the two letters. Plaintiff objects to this recommendation, arguing he grieved the Security Classifications Committee (SCC) as a whole, which included Defendant Huss. Plaintiff argues naming the SCC is sufficient under MDOC Policy Directive 03.02.130. Finally, Plaintiff disagrees with the Magistrate Judge's interpretation of *Jones v. Bock*, 127 S.Ct. 910 (2007).

This Court agrees that Plaintiff has not exhausted his available administrative remedies with regard to Defendant Huss. The purpose of the letter dated July 19, 2005 (Dkt No. 42-2, Exhibit 3) was to complain about being placed on modified access.[3] In Paragraph 4 of the letter, Plaintiff alleges two of the members of the SCC, Defendant Gilkey and Defendant Huss, circumvented a grievance he filed (ICF 05-03-0314-12C). Plaintiff explains the grievance complained about actions taken by the SCC and that individuals who are the object of the grievance cannot be the respondent or reviewer under MDOC policy. In Paragraph 5, Plaintiff again alleges the grievance was circumvented and that he spent an additional period of six months in segregation as a result. That set of facts may form the basis of a claim for retaliation. However, Plaintiff never filed a grievance or attempted to file a grievance concerning the alleged circumvention. Plaintiff could not exhaust his available administrative remedies on this claim by appealing grievance ICF 05-03-0314-12C as

---

[3] The record does not indicate why Plaintiff was placed on modified access. Plaintiff apparently filed a grievance that was rejected as being duplicative. Plaintiff assumes in his letter that this is the reason he was put on modified access.

the alleged retaliation occurred after he filed the form.[4]  Therefore, Plaintiff needs to have filed a grievance or requested a grievance form to complain about the alleged circumvention/retaliation when Defendant Huss acted as the reviewer.

Neither of the two letters contains sufficient information for this Court to conclude Plaintiff attempted to file a grievance about Defendant Huss' alleged retaliation.[5]  Plaintiff points to the last paragraph in the July 19, 2005 letter.  Reading of the last two paragraphs of the letter, this Court concludes Plaintiff requested a grievance form to complain that he has been placed on modified access, not to complain about Defendant Huss' role as a reviewer on the earlier grievance.  Plaintiff wrote[6]

> Hence, Modified Access is wrong for all the herein reasons, and I respectfully request to be taken off Modified Access, and have my grievance addressed[7], or provide me with whom should I appeal this problem to?!
> Also, if you refuse to take me off Modified Access, I will respectfully request you send me a grievance allowing me to grieve the fact that I'm effectively being deprived of my first amendment right to grievance redress, exhaustion, and staff corruption for attempting to circumvent there wrong doing as a form of retalitory action.

The second letter dated August 23, 2005 fails to mention Defendant Huss at all, although it does

---

[4]The record does not indicate whether this grievance was appealed through Step III of the MDOC grievance procedure.

[5]Because Plaintiff was on modified access he does not have to file and appeal a grievance in order to have exhausted his available administrative remedies.  Plaintiff must demonstrate that he attempted to file a grievance which was deemed non-meritorious.  *See Kennedy v. Tallio*, 20 F.App'x 469, 470 (6th Cir. 2001).

[6]This Court has not attempted to identify the various spelling and grammatical errors in the passage.

[7]It is unclear what grievance Plaintiff wishes to be addressed.  A fair interpretation of this portion of the letter is that Plaintiff wants the grievance that was denied as duplicative to be addressed.  To the extent that another grievance might be referenced, this Court concludes the letter is insufficient to give Defendants notice of that claim.

generally allege the administration has been punishing him.

Plaintiff must have properly exhausted his administrative remedies in order to access the courts. *Woodford v. Ngo*, 126 S.Ct 2378, 2386 (2006). The available administrative remedies will vary from prison to prison so, in order to properly exhaust the available remedies, a prisoner must complete the procedure in accordance with the prison's procedural rules and deadlines. *Jones v. Bock*, 127 S.Ct 910, 922 (2007). Under MDOC Policy Directive (PD) 03.02.130, a prisoner must briefly identify the facts being grieved. "Dates, times, places, and names of all those involved in the issue being grieved are to be included." PD 03.02.130 ¶ T. Plaintiff simply has not attempted to grieve any alleged retaliatory action taken by Defendant Huss.

B. Plaintiff's Cross Motion for Summary Judgment

Plaintiff moves for summary judgment on the basis that Defendants failed to dispute genuine issues of material fact relating to his First and Fourteenth Amendment claims. Plaintiff argues Defendant's motion was related only to his failure to exhaust administrative remedies. Plaintiff requests summary judgment on the basis that Defendants failed to bear its burden of establishing no genuine issue of material fact on each element of his legal claims. The Magistrate Judge recommends denying the cross-motion without prejudice, explaining that moving for summary judgment on one claim does not admit or concede the veracity of the other claims. The Magistrate Judge points out Defendants were ordered to file a motion raising only the lack of exhaustion. The Magistrate Judge concludes Plaintiff's motion was premature.

Plaintiff objects to the recommendation. Plaintiff argues Defendants have failed to dispute the allegations in the complaint and have not filed an answer or any defenses as required

by the Federal Rules of Civil Procedure.  Defendant points out his complaint was filed in February.

This Court agrees that Plaintiff's motion for summary judgment is premature.  Plaintiff is not entitled to summary judgment on the basis that Defendants did not move for summary judgment on grounds other than failure to exhaust administrative remedies.  Plaintiff's motion overlooks the burden of proof on the party moving for summary disposition and confuses the purpose of an early resolution of the issue of exhaustion.  Defendants properly followed the court rules and orders issued.  Defendants filed a motion in lieu of an answer within the time allotted.

After service of the complaint, Defendants moved for and were granted additional time to file answers. More than one and a half months before the answers were due, Defendants filed their motion for summary judgment.  Plaintiff requested additional time to file his response to the motion, which was granted.  Plaintiff filed his response to the motion and his cross-motion roughly one month after Defendants would have filed their answers to the complaint, if they had not filed the motion for summary judgment.  One week later, three of the four Defendants withdrew their motion for summary judgment based on Plaintiff's submissions.  The three Defendants did not file an answer to the complaint.

After the Magistrate Judge issued his R&R, the other three Defendants (Norwood, Gilkey and Dykehouse) filed a second motion for an extension of time to file answers to the complaint on August 23, 2007.  The same day, Plaintiff filed a motion for default against those three Defendants and his objection to the R&R.  The Magistrate Judge, on August 27, 2007, issued an order providing the three Defendants until September 27, 2007 to file their answer to the complaint and denying Plaintiff's motion for default.  The three Defendants filed a motion to dismiss on September 27, 2007.

Plaintiff objects to the R&R not for the reasons provided in his cross-motion, but for the reasons he requested Defendants be defaulted. That motion was denied and the three Defendants were granted a second extension to file answers to the complaint.

III. CONCLUSION

Defendant Huss is entitled to summary disposition on the claims raised in this complaint as Plaintiff failed to exhaust his administrative remedies with regard to any grievance against her. Plaintiff is not entitled to summary disposition on his cross-motion. Defendants' failure to move for summary disposition for any reason other than exhaustion is not a basis for granting Plaintiff's motion.

ORDER

The Report and Recommendation (Dkt. No. 49) is **ADOPTED OVER OBJECTIONS.** Plaintiff's objections (Dkt. No. 42) are **DENIED.** Defendant Huss' motion for summary disposition for failure to exhaust administrative remedies (Dkt. No. 25) is **GRANTED.** Plaintiff's cross-motion for summary disposition (Dkt. No. 42) is **DENIED WITHOUT PREJUDICE.**


Date:  November 6, 2007              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge