UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION PATRICK DAWSON,
        Plaintiff,

No. 1:06-cv-914

-v-

HONORABLE PAUL L. MALONEY

NANNETTE NORWOOD, ET AL.,
        Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Dion Dawson, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights lawsuit under 42 U.S.C. § 1983 against members of the Security Classification Committee (SCC). Defendants Norwood, Gilkey, and Dykehouse filed a motion to dismiss. (Dkt. No. 61.) The magistrate judge issued a report recommending the motion be granted in part and denied in part. (Dkt. No. 70.) Plaintiff filed an objection. (Dkt. No. 71.) Defendants filed an objection. (Dkt. No. 73.) Plaintiff then filed a response to Defendants' objection. (Dkt. No. 75.) Plaintiff has since filed a motion to expand the record (Dkt. No. 78) and a supplement to his objection (Dkt. No. 82).

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637

---

[1] The rule has been amended to allow up to fourteen days to file objections. Both parties objections were timely filed.

(6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

    A. PORTION OF THE REPORT WITHOUT OBJECTIONS

The magistrate judge's report includes three recommendations to which neither party has filed objections. The magistrate judge concludes Defendants are not entitled to dismissal of the claims against them in their official capacities because no such claims have been alleged. The magistrate judge concludes Plaintiff's claims for declaratory relief are moot as the result of a transfer from one facility to another. The magistrate judge recommends denying Defendants' claim for qualified immunity, finding that the qualified immunity analysis, on the first prong, is identical to the analysis of the individual claims in the complaint. Because neither party objects to these recommendations, the recommendations are not reviewed *de novo*. The court ADOPTS these portions of the report as the opinion of this court.

    B. EQUAL PROTECTION / CLASS-OF-ONE (Plaintiff's Objection)

Plaintiff alleges he was treated differently than other prisoners by Defendants when they, as

members of the SCC, held him in administrative segregation for approximately nine months. Plaintiff asserts other prisoners, who were involved in the altercation giving rise to his time in segregation, spent less than thirty days in segregation. Plaintiff advances his claim as an equal protection violation under a class-of-one theory. The magistrate judge recommends granting Defendants' motion to dismiss regarding Plaintiff's equal protection claim finding, under *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008), the class-of-one equal protection theory has no place in the prison context where a prisoner challenges discretionary decisions regarding security classifications and prisoner placement. Plaintiff objects.

Plaintiff's objection is OVERRULED. District courts have consistently rejected class-of-one theories in the context of prison officials making discretionary decisions concerning inmates. *See Russell v. City of Philadelphia*, No. 08-cv-5442, 2010 WL 2011593, at * 9 (E.D.Pa. May 19, 2010) ("[W]e cannot allow this claim for an Equal Protection violation to proceed to trial. We simply are not prepared to intrude so far into the day-to-day operations of the prison to say that on any given occasion, the prison could have no rational basis for moving a prisoner into administrative segregation or moving a prisoner to a new job."); *Dunlea v. Fed. Bur. of Prisons*, No. 3:10-cv-214, 2010 WL 1727838, at * 4 (D. Conn. Apr. 26, 2010) ("[T]he BOP and Warden Zickefoose have complete discretion in determining whether an inmate may use TRULINCS. Because plaintiff has failed to allege that the decisions of the respondents in denying her use of TRULINCS to email her family or friends were non-discretionary, her class-of-one equal protection claim fails and is denied."); *Montgomery v. Deitelbaum*, No. 3:09-cv-2407, 2010 WL 582146, at * 3 (N.D. Tex. Feb. 18, 2010) ("On these facts, termination of the employment arguably rationally relates to a legitimate penological interest. When alleged conduct is 'at least arguably rationally related to a legitimate penological interest,' a class-of-

3

one equal protection claim is properly dismissed under 28 U.S.C. § 1915(e)(2)(B), 1915A(B)."). This court has previously had an opportunity to examine the class-of-one theory in the prison context. In *Franks v. Rubitschun*, No. 5:06-cv-164, 2010 1424253, at * 4-11 (W.D. Mich. Mar. 31, 2010) (on remand), this court rejected a prisoner's class-of-one claim for denial of parole because of the inherent discretion in such a decision and because the decision was rationally related to some government purpose. Plaintiff's assertion that this court is bound by *Franks v. Rubitschun*, 312 F.App'x 764 (6th Cir. 2009) is incorrect. That opinion was not published. Furthermore, the Sixth Circuit held only that the district court failed to consider the possibility that the prisoner could state a claim under a class-of-one theory. Accordingly, the court ADOPTS this portion of the report as the opinion of this court.

C. FIRST AMENDMENT RETALIATION (Defendants' Objection)

Plaintiff alleges Defendants, as members of SCC, kept him in administrative segregation at least in part because of several grievances he filed. The magistrate judge recommends denying Defendants' motion to dismiss regarding Plaintiff's retaliation claim. The magistrate judge reasons, because this is a motion to dismiss, the facts in the complaint must be viewed in a light most favorable to Plaintiff. Furthermore, the complaint contained sufficient direct and inferential allegations supporting each of the elements of the retaliation claim. Defendants object. Defendants request this court treat their motion as a motion for summary judgment and attach an affidavit along with 18 additional documents. (Dkt. No. 73.)

Defendants' objection is OVERRULED. The court declines the invitation to convert the motion to dismiss to one for summary judgment. Should Defendants wish to file a motion for summary judgment on this issue, they may. Accordingly, the court ADOPTS this portion of the report as the opinion of this court. Because Defendants' motion is denied regarding Plaintiff's retaliation claim,

4

Plaintiff's motion (Dkt. No. 78) to expand the record and submit a new affidavit is DISMISSED AS MOOT.

CONCLUSION

Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion regarding Plaintiff's equal protection claim is granted. Plaintiff's equal protection claim under a class-of-one theory is dismissed for failure to state a claim upon which relief may be granted. Defendants' motion regarding Plaintiff's retaliation claim is denied. The complaint alleges sufficient facts to support a claim for retaliation in violation of the First Amendment. Plaintiff's request for declaratory relief is moot.

ORDER

For the reasons provided herein, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 70) is **ADOPTED**, over objections, as the opinion of this court.

2. Defendants' motion to dismiss (Dkt. No. 61) is **GRANTED IN PART and DENIED IN PART.**

3. Plaintiff's motion to expand the record (Dkt. No. 78) is **DISMISSED AS MOOT.**

Date:  June 1, 2010   /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge