| | | |
|---|---|---|
| DION PATRICK DAWSON, #317608, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-914 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| NANNETTE NORWOOD, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's involvement in a January 5, 2005 fight among inmates at the Gus Harrison Correctional Facility (ARF) and the related stabbing of prisoner Cruz give rise to this case. Plaintiff denies being involved in the stabbing, but prison officials thought otherwise. Plaintiff was held in administrative segregation at the Ionia Maximum Correctional Facility (ICF) from January 25, 2005, through October 5, 2005. This lawsuit is based on ICF's Security Classification Committee's (SCC's) decisions in favor of keeping plaintiff in administrative segregation during its monthly reviews of plaintiff's management status. Defendants are State employees at ICF and SCC members: Deputy Warden Nannette Norwood, Resident Unit Manager (RUM) Harold Gilkey, and Case Manager Steven Dykehouse. Plaintiff alleges that defendants' decision to keep him in administrative segregation constituted "retaliation" in violation of his First Amendment rights. He sues defendants in their individual capacities and seeks an award of damages.

The matter is now before the court on defendants' motion for summary judgment. (docket # 88). Plaintiff has filed his response (docket # 93), and the matter is ready for decision. Upon review, I recommend that defendants' motion for summary judgment be granted, and that a final judgment be entered in defendants' favor on all plaintiff's claims.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.[1] FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating"

---

[1] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010. *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. On January 5, 2005, plaintiff was an inmate in the Gus Harrison Correctional Facility (ARF). He was present when prisoner Cruz was stabbed in the neck, and he was a participant in the fight among ARF inmates that followed Cruz's stabbing. After the incident, plaintiff had a large laceration on his hand and was a suspect in the stabbing. Prisoner Kevin Harris states that plaintiff "was involved in the fighting incident, not in the stabbing." (Harris Aff. ¶¶ 2, 3, docket # 93-3). Prisoner Harris states that assertions that he "passed off" the weapon used in Cruz's stabbing are untrue. (Harris Aff. ¶ 4). Plaintiff received a major misconduct charge for fighting with prisoner Humphries. On January 6, 2005, plaintiff was

transferred to the Ionia Maximum Correctional Facility (ICF) and held in temporary segregation. (docket # 89-5 at ID # 548).

On January 21, 2005, a hearing officer found plaintiff guilty of the major misconduct charge. The hearing officer flatly rejected plaintiff's claims that he had been acting in self-defense when he fought with prisoner Humphries and knocked his teeth out:

> Guilty because Dawson admits he had been trading punches with Humphries and admits he knocked out teeth of Humphries. Claim of self defense is refuted by information of confidential witnesses #'s 2 & 3 who state that Humphries was assaulted by Dawson and others. CPW # 5 says Humphries was getting beaten. RUO Beasley confirms that prisoner Cruz had been able to exit the day-room after being stabbed. Finding is that Dawson willfully engaged with a physical altercation with Humphries and that Dawson struck Humphries with fisted blows to physically injure. Humphries had his teeth knocked out and was seriously injured. Hearing officer finds that Humphries was not the aggressor. Finding is that Dawson was not acting in self defense due to all the foregoing information which is consistent with the charge that Dawson willfully engaged in a physical altercation with Humphries.

(docket # 89-8, at ID # 554).

On January 25, 2005, the SCC reclassified plaintiff to administrative segregation because he posed a serious threat to the physical safety of prison staff and prisoners. (docket # 89-9, ID # 556). Plaintiff had been found guilty of the major misconduct of fighting, had knocked out prisoner Humphries' teeth, the fight had been part of a larger inmate disturbance at ARF, and plaintiff was incarcerated on a nonparolable life sentence for first-degree murder. (docket # 89-10).

The SCC reviewed plaintiff's status on a monthly basis. (docket # 89-10, ID #s 558-67). A decision to release a prisoner from administrative segregation is based on a number of factors, including the following: (1) review of the circumstances which necessitated segregation as well as any history of prior behavior which also required segregation; (2) assessment of the prisoner's behavior and attitude while in segregation to determine if it is consistent with the behavior

and attitude of prisoners in the general population; (3) evaluation of the prisoner's potential to honor the trust implicit in less restrictive confinement; and (4) assessment of the prisoner's need for correctional mental health programming. (Gilkey Aff. ¶ 10, docket # 89-11). A July 13, 2005 report noted an improvement in plaintiff's attitude and social adjustment. (docket # 89-10, ID # 568). Later that month, plaintiff began writing notes to Deputy Warden Norwood. On July 21, 2005, plaintiff wrote to Norwood arguing that he had played no role in prisoner Cruz's stabbing. (docket # 93-4, ID # 611). On August 16, 2005, plaintiff wrote to Norwood asking why he had not been released from administrative segregation. Norwood responded that she had not received a request from the SCC for plaintiff's release to a lower security level. (docket # 93-6, ID # 613). On August 23, 2005, plaintiff wrote that he should have been released from administrative segregation earlier in the month. A handwritten reply informed him that he was mistaken. (docket # 93-5, ID # 612).

On September 28, 2005, the SCC noted that plaintiff had continued to display a good attitude and social adjustment, followed unit rules, was cooperative with staff, and had been trying very hard to verbally convince the prison's staff that he did not belong in administrative segregation. (docket # 89-10 at ID # 570; Gilkey Aff. ¶ 11, ID # 574). The SCC determined that plaintiff could be managed in a less restrictive environment (Gilkey Aff. ¶¶ 10-11; docket # 89-10, ID # 570), and on October 5, 2005, he was transferred into ICF's general population.

## Discussion

Plaintiff's complaint alleges that defendants retaliated against him for filing grievances in violation of his First Amendment rights when they voted against releasing him from

administrative segregation.² (Compl. ¶¶ 52-67, docket # 1). On summary judgment, a plaintiff asserting a First Amendment retaliation claim must present evidentiary proof on which a reasonable trier of fact could find (1) that the plaintiff had engaged in conduct protected by the First Amendment; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action taken against the plaintiff was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). The plaintiff has the burden of proof on all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

At the outset, no reasonable trier of fact could ever find that plaintiff was *placed* in segregation in retaliation for any protected speech. The record establishes beyond genuine issue that the sole reason for plaintiff's classification into administrative segregation was his involvement in the violent altercation on January 5, 2005, and his ensuing misconduct conviction. Plaintiff is left with the claim that his *continuation* in segregation was done in retaliation for protected speech. "Retaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). "The first element [plaintiff] must establish for his retaliation claim[s] [are] that he was engaged in conduct protected

---

²Plaintiff's only claims against defendants are his retaliation claims. (*see* docket # 84). Michigan prisoners do not have a constitutional right to be incarcerated within a particular security classification. *See Meachum v. Fano*, 427 U.S. 215, 228-29 (1976); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003). They do not have the right to be housed at the institution of their choice and have no liberty interest in their place of incarceration. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. at 224-25; *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Placement in administrative segregation is not an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See Sandin v. Connor*, 515 U.S. at 484; *Mackey v. Dyke*, 111 F.3d 460, 461-63 (6th Cir. 1987).

by the First Amendment."³ *Hill v. Lippin*, 630 F.3d 468, 472 (6th Cir. 2010). The Sixth Circuit recognizes that a prisoner's filing of a grievance can constitute protected conduct. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Frivolous grievances are not protected conduct. *See Hill v. Lippin*, 630 F.3d at 472; *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (calling a hearing officer a "foul and corrupted bitch" was not protected conduct); *Herron v. Harrison*, 203 F.3d at 415. Plaintiff has not carried his burden with regard to establishing protected conduct, because he has not presented evidence establishing the substance of any grievance. *See Clark v. Johnson*, No. 09-3068, 2011 WL 219931, at * 7 (6th Cir. Jan. 25, 2011) (Where a prisoner fails to present evidence that he was engaged in protected conduct, he "cannot make out a constitutional violation."). Plaintiff's notes (docket #s 93-4, 93-5, 93-6) are not grievances. The Supreme Court

---

³The Sixth Circuit has not yet found it necessary to resolve the question of whether a prisoner's speech must address a matter of public concern for it to constitute protected speech. *See Lockett v. Suardini*, 576. F.3d at 874 ("[W]hether the public-concern test determines the protection afforded a prisoner's speech is an open question in the Sixth Circuit."). Public employees are required to satisfy the "public concern" test of *Connick v. Myers*, 461 U.S. 138 (1983), and *Pickering v. Board of Educ.*, 391 U.S. 563 (1968). *See, e.g.*, *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 767-68 (6th Cir. 2010). The Supreme Court's recent decision in *Snyder v. Phleps*, 131 S. Ct. 1207, 1215-16 (2011), emphasizes the importance of the public concern component, and makes it more likely that the "public concern" requirement is a foundational element for protected prisoner speech. It would be extraordinary if convicted felons possessed greater free speech protections than public employees. If the public concern test applies, it is fatal to plaintiff's claims, because his notes were directed at obtaining a less restrictive level of confinement on his own behalf, not on any issue of public concern.

has cautioned federal courts not to become entangled in the minutiae of prison life,[4] and the Sixth Circuit has never recognized this type of routine communication as protected conduct.

The second element of a retaliation claim is an adverse action against plaintiff that would deter a person of ordinary firmness from engaging in the protected conduct. It is well established that "a prisoner is expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility." *Hix v. Tennessee Dep't of Corrections*, 196 F. App'x 350, 358 (6th Cir. 2006) (citing *Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005)). Plaintiff was already housed in administrative segregation, because he is a convicted murderer who participated in a prison brawl and seriously injured another inmate. Maintaining the status quo by declining plaintiff's requests to lower his security level is not an action that would deter a person of ordinary firmness from the exercise of his First Amendment rights. *Hix*, 196 F. App'x at 358.

Finally, under the causation element of a prisoner's *prima facie* case for retaliation, the subjective motivation of the decisionmaker is at issue. "The third element of a First Amendment retaliation claim requires the plaintiff to prove a causal connection between the protected conduct and the adverse action. When assessing motive in the context of a summary judgment motion, bare allegations of malice do not suffice to establish a constitutional claim. This court has held that circumstantial evidence, like the timing of events or the disparate treatment of similarly situated

---

[4]"Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life. Where, as here, a state penal system is involved, federal courts have an additional reason to accord deference to the appropriate prison authorities." *McKune v. Lile*, 536 U.S. 24, 37 (2002) (internal quotations and citations omitted).

individuals, is appropriate." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399-400 (6th Cir. 2010) (internal quotations and citations omitted). Plaintiff must demonstrate that his protected speech was a substantial or motivating factor in the adverse action taken by defendants. Specifically, plaintiff must point to specific, nonconclusory evidence reasonably linking his speech to the adverse action. *Rodgers v. Banks*, 344 F.3d 587, 602 (6th Cir. 2003). The Sixth Circuit has interpreted this inquiry to mean that a motivating factor is "essentially but-for cause-without which the action being challenged simply would not have been taken" *Vereecke*, 609 F.3d at 400 (quoting *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007), and *Greene v. Barber*, 310 F.3d 889, 897 (6th Cir. 2002)). "Substantial case law from this circuit cautions about the permissibility of drawing an inference of causation from temporal proximity alone." *Vereecke*, 609 F.3d at 400; *see Tuttle v. Metropolitan Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007) ("The law is clear that temporal proximity standing alone, is insufficient to establish a causal connection for a retaliation claim."). Plaintiff argues that the affidavits of prisoners Givhan and Harris establish a causal connection. (Plf. Brief at 2, docket # 93). Givhan's affidavit states that on some unspecified date, Gilkey stated that plaintiff "might have been released a little bit sooner if he would stop filing grievances." (Givhan Aff. ¶ 5, docket # 93-2). Leaving aside the hearsay problem[5] and mixed tenses, the purported statement cannot establish the requisite causal connection because plaintiff did not provide evidence of protected conduct. Prisoner Harris's affidavit is ineffectual for the same reason, and because he offers a bare conclusion that plaintiff "was being punished by GUiley [sic], Dykehouse, and Norwood, for filing grievances and speaking up for himself and his rights." (Harris Aff. ¶ 12, docket

---

[5]"[I]t is well established that hearsay evidence cannot be considered by a trial court ruling on a motion for summary judgment." *Tinsley v. General Motors Corp.*, 227 F.3d 700, 703 (6th Cir. 2000); *see Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006).

# 93-3). An affidavit "contain[ing] only conclusory allegations and naked conclusion of law" does not create a genuine issue of fact for trial. *Sigmon v. Appalachian Coal Prop., Inc.*, No. 08-6258, 2010 WL 3736276, at * 5 (6th Cir. Sept. 17, 2010); s*ee Doe v. Magoffin County Fiscal Ct.*, 174 F. App'x 962, 966 (6th Cir. 2006); 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2738 at 346-56 (3d ed. 1998). Plaintiff has not presented evidence sufficient to support a causal connection between any protected conduct and the SCC's decision against transferring him into a less restrictive prison environment.

"Even if the plaintiff establishes all three elements, the defendant[s] may avoid liability by showing 'that the same action would have been taken in the absence of protected activity.'" *Whiteside v. Parrish*, 387 F. App'x 608, 612 (6th Cir. 2010) (quoting *Thaddeus-X*, 175 F.3d at 399). Defendants have shown that they would have taken the same action. Plaintiff would not be released from administrative segregation until the SCC determined that he could be managed in a less restrictive environment without posing an unreasonable risk to prison guards and inmates. It is virtually impossible that plaintiff's "kites" to prison officials had any influence, positive or negative, given the serious nature of his infractions. Plaintiff's proofs in support of causation are deficient, and no reasonable trier of fact could hold in his favor. Defendants are entitled to judgment in their favor as a matter of law.

**Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted, and that a final judgment be entered in defendants' favor on all plaintiff's claims.

Dated: March 18, 2011  /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).