UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>ION</small> P<small>ATRICK</small> D<small>AWSON</small>,        )
        Plaintiff,        )
                                )   No. 1:06-cv-914
-v-                             )
                                )   HONORABLE PAUL L. MALONEY
N<small>ANNETTE</small> N<small>ORWOOD</small>, et al.,        )
        Defendants.        )
_____ )

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT
AND RECOMMENDATION OVER OBJECTIONS
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on a motion for summary judgment filed by Defendants Gilkey, Dykehouse, and Norwood (collectively "Defendants"). (ECF No. 88.) The magistrate judge reviewed the motion and issued a report recommending the motion be granted. (ECF No. 96.) Plaintiff Dawson filed objections. (ECF No. 97.) This Court has reviewed the record, including the motion, response, the report and recommendation, objections, exhibits, and relevant law.

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not

"positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

Plaintiff Dawson ("Plaintiff") asserts a First Amendment retaliation claim against Defendants Gilkey, Dykehouse, and Norwood. The undisputed facts are accurately summarized in the complaint. Plaintiff does not object to facts as outlined in the report and recommendation. Neither does Plaintiff object to the law, as summarized in the report, regarding his retaliation claim. Rather, Plaintiff objects to the significance of the lack of evidence and the application of the facts to the law. Plaintiff addresses the legal conclusions relevant to each of the three elements of his retaliation claim, labeling the three issues as objections 1, 2 and 3. Plaintiff asserts other objections that are not so explicitly labeled. The Court has endeavored to identify and address each objection, numbered or otherwise.

### A. Law of the Case

Plaintiff makes several references to the "law of the case" doctrine, asserting that the court has already concluded he has established each of the three elements for his retaliation claim.

Plaintiff's "law of the case" objection is OVERRULED. Defendants previously filed a motion to dismiss. (ECF No. 62.) A motion to dismiss challenges the adequacy of the allegations in the complaint to state a claim upon which relief may be granted. In contrast, a motion for

summary judgment challenges a plaintiff's ability to prove his or her claim at trial. This Court previously concluded that Plaintiff alleged sufficient facts in his complaint to state a claim. (ECF No. 67.) That ruling does not release Plaintiff from his ultimate burden to prove his claim at trial. Here, Defendants have challenged Plaintiff's ability to put forth sufficient evidence to support his retaliation claim. The law of the case doctrine does not bar Defendants' motion.

### B. Invitation to File a Motion for Summary Judgment

Plaintiff argues the magistrate judge, in rejecting Defendants' motion to dismiss, improperly invited Defendants to file a motion for summary judgment.

Plaintiff's objection is OVERRULED. Defendants requested the motion to dismiss be treated as a motion for summary judgment, as is allowed under Fed. R. Civ. P. 12(d). That request was denied. Defendants were informed that they could file a motion for summary judgment, rather than simply converting the motion to dismiss. Nothing improper occurred.

### C. Objection 1 - Evidence of Protected Conduct

The first element Plaintiff must establish for his retaliation claim is that he engaged in conduct protected by the First Amendment. The magistrate judge concludes Plaintiff did not carry his burden because he presented no evidence establishing the substance of any grievance. Plaintiff objects. Plaintiff argues Defendants did not dispute his ability to establish this element and therefore he had no obligation to put forth any evidence establishing it.

Plaintiff's objection is SUSTAINED. In their motion for summary judgment, Defendants did not challenge Plaintiff's ability to establish that his conduct was protected by the First Amendment. Defendants stated "[T]he inmate in this case exercised his right to seek redress through the prison grievance process by filing a number of grievances challenging his

Administrative Segregation status but can demonstrate no connection between his grievances and the [Security Classification Committee's] deliberative process with respect to the level of confinement deemed appropriate for the inmate based on the plaintiff's behavior and adjustment as a segregation prisoner." (ECF No. 89 3-4.) Because Defendants did not assert a lack of evidence, or rather conceded Plaintiff's protected conduct was the filing of grievances, Plaintiff had no obligation in his response to put forth evidence establishing a genuine issue of material fact on this first element.

### D. Objection 2 - Deterrence as a Result of Adverse Action

The second element Plaintiff must establish for his retaliation claim is that a person of ordinary firmness would be deterred from engaging in the protected conduct as a result of the adverse action allegedly taken by Defendants. The magistrate judge concludes Plaintiff was already housed in administrative segregation because he participated in a prison brawl and seriously injured another inmate. The magistrate judge reasons that maintaining the status quo, by keeping Plaintiff in segregation, would not deter a person of ordinary firmness from filing grievances. Plaintiff objects. Plaintiff argues, among other things, that Defendants did not challenge his ability to meet this element and, therefore, he had no obligation to put forth evidence establishing a genuine issue of material fact on this second element

Plaintiff's objection is SUSTAINED. In their motion for summary judgment, Defendants do not allege Plaintiff cannot establish this second element. In responding to the motion, Plaintiff had no burden to put forth evidence establishing this second element.

### E. Objection 3 - Causal Connection

The third element Plaintiff must establish for his retaliation claim is the existence of a causal

4

connection between the protected conduct and the adverse action. Where Defendants can establish that the same action would be taken in the absence of the protected activity, however, no liability arises. Although a plaintiff bears the burden of showing the elements of his claim, the defendant bears the burden of showing that the same action would be taken in the absence of the protected activity. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999). The magistrate judge concludes Plaintiff did not establish the third element. The evidence put forth by Plaintiff, the affidavits of other prisoners, were conclusory and hearsay. The magistrate judge further concludes Defendants put forth sufficient evidence to show that the same action would have been taken even if Plaintiff had not filed grievances. Plaintiff objects. Plaintiff insists that the affidavits were based on personal knowledge and were therefore not hearsay. Plaintiff argues that the statements constitute present sense impressions. Finally, Plaintiff points to a response to his July 21, 2005 "grievance" (ECF No. 97-3), allegedly written by Defendant Norwood, that indicates she released him from administrative segregation.

      Plaintiff's objection is OVERRULED. First, the statements in the affidavits from prisoners Givhan and Harris (ECF Nos. 93-2 and 93-3), which are quoted in Plaintiff's response brief (ECF No. 93 p. 2), constitute hearsay and are not present sense impressions. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter." Fed. R. Evid. 801(c). Both Givhan and Harris, the declarants, state that they overheard Defendant Gilkey and Defendant Dykehouse threaten Plaintiff with retaliation for filing grievances. The statement offered for the truth of the matter are the statements attributed to Defendants Gilkey and Dykehouse. The assertions in the affidavits are the epitome of hearsay. The testimony offered by Givhan and Harris do not constitute present sense

5

impressions because their statements were not made while, or immediately after, perceiving the conversations they allegedly overheard. *See* Fed. R. Evid. 803(1). Because these statements offered in the affidavits are hearsay, they are not properly considered in the motion for summary judgment.

Even if the evidence was not hearsay, Defendants have submitted evidence that Plaintiff would not have been released from administrative segregation in the absence of the protective conduct. Only the Security Classification Committee ("SCC") has the authority to release a prisoner from administrative segregation. (ECF No. 89-4.)[1] The SCC's monthly reports about Plaintiff do not recommend releasing him from administrative segregation until September 2005. (ECF No. 89-10.) Defendant Gilkey, in his affidavit, states that Plaintiff was kept in administrative segregation for legitimate, serious security concerns and not in retaliation for filing grievances. (ECF No. 89-11.) Plaintiff has submitted no evidence to the contrary.

**CONCLUSION**

Defendants are entitled to summary judgment on Plaintiff's First Amendment retaliation claim. Defendants challenged Plaintiff's ability to establish the third element of his retaliation claim, the existence of a causal connection between the protected conduct and the adverse action. Plaintiff's evidence to support the third element is insufficient; it is both hearsay and conclusory. Furthermore, Defendants have established that Plaintiff would have remained in administrative segregation, even if Plaintiff had not filed "grievances."

---

[1] Policy Directive 04.05.120, effective date 2/14/2005, ¶¶ III-LLL; Policy Directive 04.05.120, effective date 2/21/2000, ¶¶DDD-HHH.

**ORDER**

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 96) is **ADOPTED IN PART and REJECTED IN PART.**

2. Defendants' motion for summary judgment (ECF No. 88) is **GRANTED.** Plaintiff's claim for First Amendment retaliation against Defendants Gilkey, Dykehouse, and Norwood is DISMISSED WITH PREJUDICE.


Dated:   July 5, 2011                              /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   Chief United States District Judge